968 F.2d 19
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 B & W GLASS, INC., Plaintiff-Appellee,
v.
WEATHER SHIELD MFG., INC., Defendant-Appellant.
 No. 90-8061.
 United States Court of Appeals, Tenth Circuit.
 May 27, 1992.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 Defendant Weather Shield Manufacturing, Inc. appeals from a judgment entered in favor of Plaintiff B & W Glass, Inc. In findings of fact and conclusions of law entered following a mistrial, the district court ruled in favor of B & W on a contract claim it asserted under a promissory estoppel theory.[1] Upon our initial review of this appeal, we certified the following question to the Wyoming Supreme Court pursuant to Wyo.R.App.P. 11.01:
 
 
 2
 Under the law of the State of Wyoming, may an oral promise otherwise within the statute of frauds as pronounced in Wyo.Stat. § 34.1-2-201 (1991) and the Uniform Commercial Code, nevertheless be enforceable on the basis of promissory estoppel? See Restatement (Second) of Contracts § 90 (1981).
 
 
 3
 The Wyoming Supreme Court has now answered that question in the affirmative. B & W Glass, Inc. v. Weather Shield Mfg., Inc., No. 91-123, slip op. at 1, 1992 WL 70136 (Wyo. Apr. 10, 1992). With the aid of this decision, we consider this appeal. See id. slip op. at 4 (federal appellate court retains jurisdiction to consider appeal following certification to state court).
 
 
 4
 Weather Shield's appeal raises four points of error. They are: 1) that the district court erred in ruling that Wyoming would recognize promissory estoppel as an exception to the statute of frauds, 2) that the court erred in its consideration of evidence on the reasonable reliance aspect of the promissory estoppel claim, 3) that the court erred in failing to direct a verdict in favor of Weather Shield, and 4) that the court erred in granting damages on the promissory estoppel claim. Because the facts of this case were set out in some detail in our certification order, and are contained in the Wyoming Supreme Court's decision, we will not outline them here. Thus we turn immediately to Weather Shield's arguments.
 
 
 5
 Weather Shield's first point of error was addressed in the Wyoming Supreme Court's decision. The court held,
 
 
 6
 Consistently with the majority rule and the law in Wyoming relating to general statutes of frauds, we conclude that promissory estoppel can and does justify the enforcement of an oral promise otherwise within the statute of frauds in the UCC, as articulated in Wyo.Stat. § 34.1-2-201 (1991). Under the foregoing analysis, our answer to the certified question is "yes".
 
 
 7
 B & W Glass, Inc., No. 91-123, slip op. at 13. In light of this decision, we affirm the district court on Weather Shield's first point of error.
 
 
 8
 The remainder of Weather Shield's arguments are concerned with whether, assuming the ability to bring the promissory estoppel claim, B & W proved all the necessary elements. To the extent Weather Shield's arguments are based on alleged fault in the court's factual findings, those findings are reviewed under a clearly erroneous standard. Willner v. University of Kan., 848 F.2d 1023, 1030 (10th Cir.1988), cert. denied, 488 U.S. 1031 (1989). Any legal determinations are reviewed de novo. In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1266 (10th Cir.1988).
 
 
 9
 In order to prove a promissory estoppel claim in Wyoming, a party must prove 1) the existence of a definite agreement; 2) that the party asserting the estoppel acted to its detriment in reasonable reliance on the agreement; and 3) that the equities support enforcing the agreement. Inter-Mountain Threading, Inc. v. Baker Hughes Tubular Servs, Inc., 812 P.2d 555, 559 (Wyo.1991). For purposes of evaluating this doctrine, a "definite agreement" is defined as "a promise which the promisor should reasonably expect to induce action ... on the part of the promisee." Id. (quoting Restatement (Second) of Contracts § 90 (1981)). We focus on these elements in discerning whether the district court's order should be affirmed.
 
 
 10
 Weather Shield first argues that "the District Court erred as a matter of law in considering the conduct of the parties after B & W used Weather Shield's oral quote as a factor in determining whether B & W reasonably relied on the oral quotation." Appellant's Opening Br. at 26. In support of this proposition, Weather Shield relies on Roth v. First Security Bank, 684 P.2d 93 (Wyo.1984).
 
 
 11
 In Roth, the plaintiff alleged he relied on statements a bank director made at a dinner party to begin certain construction projects. Id. at 96. Specifically, the director lead him to believe he would obtain a loan to finance his endeavors. The undisputed evidence showed, however, that the plaintiff entered into all but one contract prior to the date of the dinner party. Id. at 96-7. The court ruled there could be no estoppel claim because the sequence of events showed the plaintiff could not have relied on the director's statements to begin construction. See id. at 97.
 
 
 12
 In addition, the court held plaintiff's reliance on the dinner party statements to enter into the one remaining contract was unreasonable. The court found the reliance unreasonable because the person making the statements had no authority to approve the loan which plaintiff sought. See id. at 97. The court stated, "Mr. Roth should have known that he did not have a loan or even a commitment for a loan from the bank until he [was] informed by the loan officer or bank official with whom he was dealing that the loan was approved." Id.
 
 
 13
 In contrast, the record in this case supports a finding of reasonable reliance. This is the case even if the testimony which Weather Shield finds objectionable is disregarded. The court found the following facts relevant to the estoppel claim:
 
 
 14
 The evidence showed that Doug Ludtke of B & W Glass contacted the defendant's agent, Robert Schwalbe, and discussed with him the possibility of purchasing custom windows for use on a courthouse project on which the plaintiff was planning to submit a bid. The defendant's agent advised Doug Ludtke that the defendant Weather Shield manufactured custom windows and that it could supply custom windows for the project but they would cost more. Schwalbe was aware of the plans and specifications because he reviewed them with Doug Ludtke. On April 14, 1988, Schwalbe provided an oral quote to the plaintiff in the amount of $101,725.
 
 
 15
 The quote was "without any exceptions," which under the trade usage meant that the quote was for products meeting plans and specifications.... On the stand, Schwalbe testified that he made this quote but incredulously stated that it was not for windows meeting plans and specifications. He also testified that the defendant's policy was to produce shop drawings only when a contract existed. Schwalbe, however, did not inform the plaintiff of this requirement and throughout the summer and fall of 1988 assured the plaintiff that the shop drawings would be produced.
 
 
 16
 Based on this quote and understanding, the plaintiff entered into a subcontract to install these windows at a courthouse project in Casper, Wyoming. Using the quote from the defendant, the plaintiff agreed to perform the work for $246,000. The evidence clearly showed that the parties contemplated a contract for the sale and purchase of custom windows meeting plans and specifications. It was not until December 1988, on the virtual eve of performance of the courthouse window project that the plaintiff was informed by another employee of the defendant that it would not and could not perform the agreement entered into by Schwalbe.
 
 
 17
 R.Vol. I, Doc. 78 at 3-4. Unlike the situation in Roth, Robert Schwalbe had full authority to make quotes binding Weather Shield. R. Supplemental Vol. II at 447. He agreed it was a normal business practice for subcontractors to use the quotes he gave them in bidding for larger projects with a general contractor. Id. at 439.
 
 
 18
 Furthermore, it is undisputed that Robert Schwalbe gave the Ludtkes a quote of $101,725 for this project without including any exceptions, or modifications, in the quote. R.Vol. I, Doc. T3 at 452. Given these facts, it was reasonable for the Ludtkes to rely on the quote. Any assumptions which the Ludtkes made were induced by the actions which Mr. Schwalbe took. Thus, even if we assume, arguendo, that the court erred in allowing testimony regarding post-bid conduct, the error is harmless.
 
 
 19
 In its third argument, Weather Shield contends the district court erred in failing to grant a directed verdict on the promissory estoppel claim. Our review is de novo. Bouie v. Autozone, Inc., No. 90-2194, 1992 WL 54008 at * 3 (10th Cir. Mar. 24, 1992). "The trial court will be overturned only if 'the evidence taken in the light most favorable to the nonmoving party and all reasonable inferences to be drawn therefrom point but one way, in favor of the moving party.' " Blair v. Eagle-Picher Indus. Inc., Nos. 90-5133, et al., 1992 WL 88809 at * 2 (10th Cir. May 5, 1992) (quoting Transpower Constructors v. Grand River Dam Auth., 905 F.2d 1413, 1416 (10th Cir.1990)).
 
 
 20
 Weather Shield maintains B & W failed to prove the elements necessary to sustain either an oral contract or promissory estoppel claim. In particular, the company argues that there was no definite agreement between these parties. Viewing the record evidence in a light most favorable to B & W, however, there is sufficient evidence in the record to prove both these claims.
 
 
 21
 Evidence introduced at trial showed that the Ludtkes and Robert Schwalbe knew this project called for custom windows. See R. Supplemental Vol. II at 174-75. Mr. Schwalbe told the Ludtkes that Weather Shield had no problem making custom windows, but noted they would cost more. Id. at 108-9. Both Ludtkes requested a revised bid for custom windows. Id. at 113, 174-77. The final quote which Mr. Schwalbe made after these conversations contained no "exceptions." R.Vol. I, Doc. T3 at 452. Mr. Schwalbe acknowledged that in the trade, this meant the bid met plans and specifications. R. Supplemental Vol. II at 441. He also acknowledged that it was a normal business practice within the trade to use a quote in submitting a bid to a contractor. Id. at 439. These facts, which are not clearly erroneous, support denial of the directed verdict motion.
 
 
 22
 Finally, Weather Shield argues the district court's findings of fact are clearly erroneous because B & W did not, on all the evidence submitted, make sufficient showing of an oral contract or promissory estoppel. As a corollary, the company urges that the damage award was inappropriate. We disagree. After carefully reviewing the record, we are not "left with a definite and firm conviction that a mistake has been made." Cowles v. Dow Keith Oil & Gas, Inc., 752 F.2d 508, 511 (10th Cir.1985), cert. denied, 479 U.S. 816 (1986). Consequently, we reject this argument.
 
 
 23
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument